DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| In re:<br><br>**JEFFREY J. PROSSER,**<br><br>Debtor. | Bankruptcy No. 2006-30009<br>Chapter 7 |
| **STAN SPRINGEL, CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF INNOVATIVE COMMUNICATION CORPORATION AND JAMES P. CARROLL, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JEFFREY J. PROSSER,**<br><br>Plaintiffs/Appellees,<br><br>v.<br><br>**JEFFREY J. PROSSER,**<br><br>Defendant/Appellant. | Civil Action No. 3:2013-0087<br>consolidated with<br>Civil Action No. 3:2013-0010<br>Civil Action No. 3:2013-0056<br>Civil Action No. 3:2013-0057 |

**Attorneys:**
**Norman A. Abood, Esq.,**
Toledo, OH
**Robert F. Craig, Esq.,**
Omaha, NE
**Lawrence H. Schoenbach, Esq.,**
New York, NY
    *For Appellant*

**Yann Geron, Esq.,**
New York, NY
**Samuel H. Israel, Esq.,**
**William H. Stassen, Esq.,**
Philadelphia, PA
**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
    *For Appellees*

# **MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Chapter 7 Trustee's Brief in Support of His Motion for a Preliminary Injunction," filed on November 24, 2017 by James P. Carroll ("Carroll" or the "Trustee"), the Chapter 7 Trustee of the bankruptcy estate of the Debtor and Appellant, Jeffrey J. Prosser ("Prosser") (Dkt. No. 81); the "Response to Trustee's Brief re: Preliminary Injunction: Consent to Preliminary Injunction . . . ," filed on November 28, 2017 by Prosser and his wife, Appellant Dawn Prosser (Dkt. No. 82); and the "Chapter 7 Trustee's Reply in Further Support of His Motion for a Preliminary Injunction . . . ," filed by the Trustee on November 30, 2017 (Dkt. No. 83). For the reasons that follow, the Court will grant the Trustee's Motion for a Preliminary Injunction.

## I. PROCEDURAL HISTORY[1]

This matter stems from a consolidated appeal of five Bankruptcy Court Orders that were entered in 2012 and 2013. The Bankruptcy Court found that the Prossers had engaged in contempt of court by failing to obey an Order requiring them to protect a wine collection, valued between $2.15 and $2.28 million. The Bankruptcy Court imposed sanctions of $528,086.07, representing the amount of the Trustee's attorney's fees and expenses in litigating the matter, and $419,135.59 reflecting the diminution in value of the missing and unmarketable wines to the Bankruptcy Estate. The Prossers failed to pay the sanctions, and eventually the Bankruptcy Court required them to execute deeds of title conveying ownership of Plots 168, 169, 170 and 171 of Estate Shoys on St.

---

[1] This summary provides only those background facts necessary to provide a context for the Court's ruling herein. A more complete description of the history of this case is contained in the Court's Memorandum Opinion issued on February 23, 2017 (Dkt. No. 58) and in the Memorandum Opinion issued on November 20, 2017 (Dkt. No. 79).

Croix—the "Anna's Hope Property" (the "Property")—to the Chapter 7 Estate in order that the Trustee could sell the Property to satisfy the amount due for the Trustee's attorney's fees and expenses. The Trustee could also apply net sale proceeds exceeding the amount due for the Trustee's expenses to the damages due the Estate resulting from the destruction of the wine collection, with any remaining sale credit to be paid to the Prossers. Per Order of the Bankruptcy Court, the Trustee executed Quitclaim Deeds on behalf of the Prossers, transferring the Anna's Hope Property to the Chapter 7 Estate in order to facilitate the sale of the Property by the Trustee to satisfy the amounts due.

While the consolidated appeals were pending, the Prossers requested that the District Court stay the sale of the Anna's Hope Property until the appeals were resolved. They offered the Property as a supersedeas bond. (Dkt. No. 7). The Court granted the Prossers' Motion to Stay, noting, *inter alia*, that, "in actuality, [the Prossers] are offering their interest in the sale credit as a supersedeas bond" since the Property had already been transferred to the Trustee. (Dkt. No. 29 at 10 n.6). Although Prosser had valued the Property at $400,000.00 in his 2009 bankruptcy schedules, the Prossers offered a realtor's pricing recommendation valuing the Property at $2,185,000, together with Prosser's explanation, by affidavit, of the reason for the difference in the valuation. The Court accepted the Prossers' submission and deemed the $2.185 million value of the Property as sufficient to satisfy a supersedeas bond. *Id.* at 9-12.

On November 7, 2017, the Trustee filed an Emergency Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. (Dkt. No. 70). In the attached affidavit, the Trustee provided a time-line of events that prompted him to file the Motion. He averred, *inter alia*, that, on October 25, 2017, a resident of the Estate Shoys neighborhood where the Anna's Hope Property is located informed him that "someone was removing a large generator out of the

building located on Plot 168 of Anna's Hope[.]" (Dkt. No. 70-1 ¶ 3). The Virgin Islands Police Department was contacted. *Id.* ¶ 5. The Police Department was presented with a Bill of Sale, signed by Jeffrey Prosser and Dawn Prosser, which provided for the sale of two 375 kw generators located at Plot No. 168 Anna's Hope for $50,000.00. *Id.*; Dkt. No. 70-2. On October 27, 2017, the caretaker allegedly returned to the Property and found the purchaser and a crew preparing to remove the second generator and fuel tanks. (Dkt. No. 70-1 ¶ 10). Removal of the generators from the Anna's Hope Property allegedly involved removing an eight-foot section from the outer wall, cutting off existing locks, and installing new ones. *Id.* ¶ 9.

Following full briefing by the parties,[2] the Court entered an Order Granting Temporary Restraining Order (Dkt. No. 78) and accompanying Memorandum Opinion (Dkt. No. 79) on November 20, 2017. The Court concluded that the Trustee had satisfied each of the four elements required for the issuance of a TRO. First, the Trustee demonstrated a likelihood of success on the merits of his claim that the generators were part of the supersedeas bond because the generators were explicitly included in the Prossers' explanation of the valuation of the Anna's Hope Property and the Court accepted the bond accordingly. Moreover, the generators appeared likely to constitute fixtures on the Property subject to the bond. Second, the Trustee made the requisite showing that he would suffer irreparable harm if the Prossers were not enjoined from dissipating the Property, as the Property was the Prossers' only asset, and the Trustee would have no other means to satisfy the Estate's judgments against the Prossers, should the Trustee prevail on appeal. Third, the balance of harms favored the Trustee because the Trustee had shown that he would be

---

[2] In response to the Trustee's Motion, the Prossers filed a "Response in Opposition to Chapter 7 Trustee's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction . . ." (Dkt. No. 73). The Trustee then filed a "Reply in Further Support of Emergency Motion" (Dkt. No. 74), followed by the Prossers' "Sur-Response in Opposition to Chapter 7 Trustee's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction." (Dkt. No. 77).

harmed by being unable to recover on the judgments if he prevailed on appeal, while the Prossers had agreed from the outset to preserve the Property when they posted the supersedeas bond. Finally, the public interest favored granting a TRO because the public had an interest in protecting and preserving the integrity of supersedeas bonds. (Dkt. No. 79 at 8-20).

As relief, the Temporary Restraining Order enjoined the Prossers from selling any portion of the Anna's Hope Property or any individual fixture thereon; enjoined the Prossers and their affiliated third parties from impairing, damaging, or removing any part of the Anna's Hope Property or any individual fixture thereon; ordered the Prossers to place all of the proceeds they received from the sale of the generators in an interest-bearing escrow account pending further Order of the Court; ordered the Prossers to provide the Court with sworn verification: (1) of the amount of proceeds they received from the sale of the generators, and (2) that they had opened the aforementioned escrow account and deposited the proceeds therein; and ordered that the Prossers file the sworn verifications with the Court by November 22, 2017.[3] (Dkt. No. 78). The Court also provided a briefing schedule for the preliminary injunction motion. *Id.*

In his memorandum in support of a preliminary injunction, the Trustee asserts that he is entitled to a preliminary injunction on the merits for essentially the same reasons articulated in his

---

[3] Instead of filing sworn verifications that they had placed the proceeds received from the sale of the generators in escrow, the Prossers filed a "Motion to Modify Bond to Satisfy Court-Ordered Deposit and Consent to Preliminary Injunction." (Dkt. No. 80). In Declarations attached to that Motion, the Prossers state, *inter alia*, that they are unable to comply with that part of the TRO Order that directed them to place the $50,000 derived from the sale of the generators in an escrow account because they have spent those funds for "past and current living expenses, repayment of funds advanced, and for medical costs," and that they have no financial ability to comply with that provision of the TRO Order. (Dkt. Nos. 80-1, 80-2). The Trustee opposes the Prossers' Motion to Modify Bond. Arguing that the Anna's Hope Property has been devalued and cannot therefore serve as a supersedeas bond, the Trustee requests that the Court lift the stay or, alternatively, order the parties to submit evidence in support of updated valuations of the Property. (Dkt. No. 81 at 16-17). The Prossers' Motion to Modify Bond will be addressed by separate Order of the Court.

5

Motion for a TRO. (Dkt. No. 81 at 8-15). The Trustee asks the Court to: further enjoin the Prossers from selling any portion of the Anna's Hope Property, including any individual parcel or fixture thereon, pending resolution of the instant appeals; and further enjoin the Prossers and their affiliated third parties from impairing, damaging, or removing any part of the Anna's Hope Property or any individual parcel or fixture thereon, pending resolution of the instant appeals. *Id.* at 18.

In their Motion to Modify Bond, which was incorporated into their Response to Trustee's Brief re: Preliminary Injunction, the Prossers assert that, "[i]n light of the Court's recent [TRO] ruling they now understand that the supersedeas bond encumbers all of the fixtures, improvements and other personalty[4] at the Anna's Hope Property and that the Court considers the generators to have been fixtures within the scope of the supersedeas bond, a situation they simply did not appreciate prior to the sale." (Dkt. No. 82-1 at 2). The Prossers further state:

> To avoid further time and expense for the Court, the Chapter 7 Estate, and the parties herein, the Prosser[]s hereby consent to the Court's entry, without findings or further proceedings, of a preliminary injunction enjoining the Prossers and any affiliated third parties from "impairing, damaging, or removing any part of the Anna's Hope Property or any individual fixtures or other personalty thereon."

(Dkt. No. 82 at 2). In their Wherefore Clause, the Prossers ask the Court to:

> Accept the Prossers' consent to entry of a preliminary injunction enjoining the Prossers and any affiliated third parties from impairing, damaging or removing any part of the Anna's Hope Property or any individual fixtures, or other personalty thereon, without the necessity of findings other than a finding of the Prossers' voluntary and informed consent hereto or further proceedings, forthwith.

*Id*. at 8.[5]

---

[4] The Court notes that "personalty" was not included in either the Motion for a TRO or the Order granting the TRO. (Dkt. Nos. 70, 78).

[5] Most of the Prossers' submission is devoted to arguing the merits of their consolidated appeal by quoting extensively from a 2017 Massachusetts bankruptcy court case. (Dkt. No. 82 at 2-7). They

6

## II. DISCUSSION

### A. Standard of Review

Under Rule 65 of the Federal Rules of Civil Procedure, the Court may grant injunctive relief with a preliminary injunction. *Am. Tel. & Tel. Co. v. Winback & Conserve Prog. Inc.,* 42 F.3d 1421, 1427 (3d Cir. 1994). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Gov't of U.S. Virgin Islands*, 357 F.3d 297, 301 (3d Cir. 2004) (quoting *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395 (1981)). To prevail on a motion for a preliminary injunction, the moving party must show each of the following four elements: (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if the injunction is not granted; (3) that granting preliminary relief will not cause greater harm to the nonmoving party; and (4) that relief is in the public interest. *See Transcontinental Gas Pipe Line Co., LLC v. Permanent Easement for 2.59 Acres*, __ F. App'x __, 2017 WL 4005011, at *2 (3d Cir. Sept. 12, 2017) (citing *Miller v. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010)).

### B. Analysis

As noted above, in its TRO Order the Court set a briefing schedule on the Trustee's Motion for a Preliminary Injunction. In response to the Trustee's Memorandum, the Prossers filed a document that was titled, in part, "Response to Trustee's Brief re: Preliminary Injunction; Consent to Preliminary Injunction[.]" (Dkt. 82). In their Response, the Prossers did not argue against the

---

also incorporated their Motion to Modify Bond into their filing. *Id.* at 7. In his Reply, the Trustee objects to Prossers' submission of a further supplement to their appeal brief, and again argues for the Court to lift the stay pending appeal. (Dkt. No. 83). The issue regarding the Prossers' supplement to their appeal brief will be addressed in the context of the Court's opinion on the appeal, and the Trustee's request to lift the stay will be considered by separate Order of the Court in the context of the Prossers' Motion to Modify Bond.

7

merits of the Trustee's Motion, challenge the findings made by the Court in its Memorandum Opinion in support of the TRO, or otherwise object to the issuance of a preliminary injunction. Instead, in the body of their Response, they stated that they would consent to the issuance of a preliminary injunction—"without findings or further proceedings"—enjoining them and any affiliated third parties from "impairing, damaging, or removing any part of the Anna's Hope Property or any individual fixtures or other personalty thereon." (Dkt. No. 82 at 2). In the Wherefore Clause of their Response, the Prossers stated they would consent to the Preliminary Injunction "without the necessity of findings other than a finding of the Prossers' voluntary and informed consent hereto or further proceedings, forthwith." *Id.* at 8. It is unclear to the Court whether the Prossers' consent to the Preliminary Injunction is conditioned on either the Court making no findings and conducting no further proceedings, or making no findings other than that the Prossers have consented to the Preliminary Injunction and conducting no further proceedings.

If in fact the Prossers have offered a conditional consent to the Preliminary Injunction, the Court declines their invitation to condition its grant of a Preliminary Injunction on making no findings and conducting no further proceedings, or on only finding that the Prossers have consented to the Preliminary Injunction and conducting no further proceedings. Rather, the Court will grant the Trustee's Motion for a Preliminary Injunction on the merits—to which the Prossers offered no opposition—for the reasons stated in the Court's Memorandum Opinion granting the Temporary Restraining Order (Dkt. No. 79), which the Court fully adopts and incorporates herein by reference. Specifically, for the reasons expressed in its TRO Memorandum Opinion, the Court finds that: (1) the Trustee demonstrated a likelihood of success on the merits of his claim that the generators were part of the supersedeas bond because the generators were explicitly included in the Prossers' explanation of the valuation of the Anna's Hope Property and the Court accepted the

bond accordingly, and the generators constitute fixtures on the Property subject to the bond; (2) the Trustee has shown that he would suffer irreparable harm if the Prossers were not enjoined from dissipating the Property, as the Property is the Prossers' only asset, and the Trustee would have no other means to satisfy the Estate's judgments against the Prossers, should the Trustee prevail on appeal; (3) the balance of harms favors the Trustee because the Trustee has shown that he would be harmed by being unable to recover on the judgments if he prevailed on appeal, while the Prossers had agreed from the outset to preserve the Property when they posted the supersedeas bond; and (4) the public interest favors granting a TRO because the public has an interest in protecting and preserving the integrity of supersedeas bonds. Accordingly, the Trustee has satisfied the requirements necessary for the entry of a preliminary injunction.

### III. CONCLUSION

In view of the foregoing, the Court will grant the Trustee's Motion for a Preliminary Injunction. An appropriate Order accompanies this Memorandum Opinion.

Date: December 5, 2017      _____/s/_____
　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　Chief Judge