**DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

_____
                                        )
**In re:**                              )
                                        )
    **JEFFREY J. PROSSER,**           )    Bankruptcy No. 2006-30009
                                        )    Chapter 7
    **Debtor.**                       )
                                        )
_____)
                                        )
**STAN SPRINGEL, CHAPTER 11 TRUSTEE**   )
**OF THE BANKRUPTCY ESTATE OF**         )
**INNOVATIVE COMMUNICATION**            )
**CORPORATION AND JAMES P.**            )
**CARROLL, CHAPTER 7 TRUSTEE OF**       )
**THE BANKRUPTCY ESTATE OF**            )
**JEFFREY J. PROSSER,**                 )
                                        )    Civil Action No. 3:2013-0087
    **Plaintiffs/Appellees,**         )    consolidated with
                                        )    Civil Action No. 3:2013-0010
    v.                                )    Civil Action No. 3:2013-0056
                                        )    Civil Action No. 3:2013-0057
**JEFFREY J. PROSSER,**                 )
                                        )
    **Defendant/Appellant.**          )
                                        )
_____)

**Attorneys:**
**Norman A. Abood, Esq.,**
Toledo, OH
**Robert F. Craig, Esq.,**
Omaha, NE
**Lawrence H. Schoenbach, Esq.,**
New York, NY
    *For Appellant*

**Yann Geron, Esq.,**
New York, NY
**Samuel H. Israel, Esq.,**
**William H. Stassen, Esq.,**
Philadelphia, PA
**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
    *For Appellees*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on an "Emergency Motion for a Mandatory Injunction, and for Contempt Against Respondent James P. Carroll, Trustee, and Respondent Fox Rothschild LLP" (Dkt. No. 110) and a "Motion for [] Expedited Proceedings" (Dkt. No. 112) (collectively, "Motion for Injunction"), both filed on September 3, 2018 by Jeffrey J. Prosser and Dawn E. Prosser (collectively, the "Prossers").

Because this case has been remanded to the Bankruptcy Court, jurisdiction properly lies in that Court to adjudicate the issues raised in the instant Motion. Accordingly, the Motion for Injunction will be denied.

## I. BACKGROUND

A brief recap of the procedural history of the case is necessary to provide a context for the Court's ruling herein.[1]

By Order entered on February 23, 2017, this Court affirmed: (1) the Bankruptcy Court's September 18, 2012 Order which held the Prossers in contempt of certain Bankruptcy Court Orders that required them to safeguard a collection of fine wines that had been adjudicated to be property of Jeffrey Prosser's Bankruptcy Estate, and subjected them to sanctions representing the value to the Estate of the dissipated and destroyed wines ("Contempt Order"); (2) the Bankruptcy Court's January 18, 2013 "Contempt Fees Order," which directed the Prossers to pay the Trustee $528,086.07—representing the attorney's fees and expenses incurred in litigating the Trustee's "Motion to Enforce Turnover Order, for Contempt and for Sanctions"; and (3) the Bankruptcy Court's May 24, 2013 "Supplemental Sanctions Order" which directed the Prossers to pay the Trustee $419,135.59—reflecting the net damages to the Chapter 7 Estate resulting from the

---

[1] The background and procedural history of these consolidated appeals were set forth in detail in the Court's February 23, 2017 and June 19, 2018 Memorandum Opinions.

destruction and dissipation of the wine collection.

In the same February 23, 2017 Memorandum Opinion and Order, this Court reversed, in part, the Bankruptcy Court's May 31, 2013 "Compliance Order," which required the Prossers, *inter alia*, to convey title to certain real property they owned at Estate Shoys on St. Croix (the "Anna's Hope Property") to the Chapter 7 Estate to be administered as an Estate asset and sold to satisfy the amount due in the Contempt Fees Order, with the balance, if any, to be applied to pay the amount due the Estate in the Supplemental Sanctions Order. In addition, the February 2017 Memorandum Opinion and Order reversed, in part, the Bankruptcy Court's "Rule 70 Order," entered on August 23, 2013, which authorized the Trustee to execute Quitclaim Deeds on behalf of the Prossers, and transfer the Anna's Hope Property to the Chapter 7 Estate to sell the Property to satisfy the Contempt Fees Order and the Supplemental Sanctions Order. In reversing in part the Compliance Order and Rule 70 Order, the District Court held that the ruling in *Law v. Siegel*, 134 S. Ct. 1188 (2014), did not permit the Bankruptcy Court to use exempt property to pay a Trustee's administrative expenses—specifically, the $528,086.07 in attorney's fees and expenses awarded in the Contempt Fees Order.

Following additional briefing by the parties, this Court reversed the remaining portions of the Bankruptcy Court's Compliance Order and Rule 70 Order that required the conveyance of title, or the transfer by Quitclaim Deed, of the Anna's Hope Property to the Chapter 7 Estate to sell the Property to satisfy the amount due to the Estate under the Supplemental Sanctions Order. As with the Court's February 23, 2017 Opinion, in a Memorandum Opinion and Order entered on June 19, 2018, the Court concluded that the Supreme Court's ruling in *Law* precluded the Bankruptcy Court from ordering that proceeds from the sale of the exempt Anna's Hope Property were to be used to pay the $419,135.59 in damages awarded in the Supplemental Sanctions Order.

Based on this Court's rulings in its February 23, 2017 and June 19, 2018 Opinions, the

Court remanded the case to the Bankruptcy Court "for the issuance of any Orders necessary to effectuate the Court's ruling[s] . . . or that are otherwise consistent with [the] Opinions." (Dkt. No. 109 at 19).

In the instant Motion for Injunction, the Prossers report that after the issuance of this Court's June 19 Order, the Bankruptcy Court entered a "Stipulated Order" requiring the Trustee to execute quitclaim deeds to transfer the exempt Anna's Hope Property—including Lot No. 171—to the Prossers. (Dkt. No. 110 at 2-3).[2] Those quitclaim deeds have been delivered to a potential purchaser of Anna's Hope, Lot No. 171, with whom the Prossers have executed a Sales Agreement. *Id*. The sale is currently pending. (Dkt. No. 111 at 2).

The Prossers contend, however, that Respondents James P. Carroll ("Trustee") and Fox Rothschild have recently taken positions that contravene this Court's June 19, 2018 Memorandum Opinion and Order. Specifically, the Prossers argue that Respondents "are once again seeking to collect the sanctions damages from the proceeds of the pending [] sale of Lot 171," by "suggesting that various liens including the earlier sanctions judgment [against the Prossers] survive the execution and delivery of the quitclaim deeds." (Dkt. No. 111 at 2, 3). This position, the Prossers maintain, "do[es] not comport" with this Court's June 19 Order and, in fact, "act[s] to defeat this Court's holding." *Id*. at 3, 5. The Prossers assert that in the face of this "direct derogation of this

---

[2] On August 23, 2018, the Bankruptcy Court issued its "Stipulated Order Regarding Anna's Hope Property" (Bankr. Case No. 07-ap-03010, Dkt. No. 1173), wherein the Trustee and the Prossers stipulated and agreed that "[t]he Trustee shall prepare quitclaim deeds to effectuate the transfer of Anna's Hope Property to the Prossers as tenants by the entireties." *Id*. at 2. The Stipulated Order also provides that "[t]he Trustee shall have a lien upon the property to be quitclaimed by the Trustee to the Prossers for the property taxes paid by the estate that the Prossers owed at the time the Anna's Hope Property was transferred from the Prossers to the Trustee," which for Lot 171 amounted to $7,070.79. *Id*. According to the Debtor, "in the process of negotiating the Stipulated Order . . . [the Prossers and the Trustee] agreed that the Anna's Hope, Plot 171 taxes paid by the Estate will be paid (reimbursed) from the proceeds of the closing of the sale of that Plot." (Dkt. No. 110 at 3).

4

Court's holding," *id*. at 5, this Court should take action to enforce its orders pursuant to Rule 70 of the Federal Rules of Civil Procedure and "the general rule that Courts have the inherent power to enforce their own orders." *Id*. at 3-4.[3]

## II. DISCUSSION

The District Court of the Virgin Islands has jurisdiction to review the Orders of its Bankruptcy Division pursuant to 28 U.S.C. § 158(a), which includes "appeals from, *inter alia,* final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy court under 28 U.S.C. § 157." *Hourly Employees/Retirees of Debtor v. Erie Forge & Steel, Inc.*, 2004 WL 385023, at *1 n.2 (W.D. Pa. Feb. 2, 2004), *aff'd sub nom. In re Erie Forge & Steel, Inc.*, 418 F.3d 270 (3d Cir. 2005) (citing 28 U.S.C. § 158(a)). The Court exercised this jurisdiction in rendering its February 23, 2017 and June 19, 2018 Opinions. Upon remand, jurisdiction over this matter reverted to the Bankruptcy Court "*for the issuance of any Orders necessary to effectuate the Court's ruling[s]* [in its February 23, 2017 and June 19, 2018 Opinions], *or that are otherwise consistent with th[ose] Opinions*." (Dkt. No. 109 at 19) (emphasis added). *See e.g.*, *In re Matthews*, 2012 WL 3263599, at *5 (E.D. Pa. Aug. 9, 2012) (district court remanded the case to bankruptcy court to rule on the merits of appellant's application consistent with the district court's opinion).

By the instant Motion for Injunction, this Court is not being asked to review a judgment,

---

[3] Fed.R.Civ.P. 70, Enforcing a Judgment for a Specific Act, provides:
    (a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.
    (b) Vesting Title. If the real or personal property is within the district, the court—instead of ordering a conveyance—may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance . . . .
    (e) Holding in Contempt. The court may also hold the disobedient party in contempt.

order, or decree of the Bankruptcy Court. Instead, under the rubric of seeking to have this Court "enforce its [own] order[s] and also, hold parties in contempt," (Dkt. No. 111 at 4), the Prossers are, in effect, circumventing the Bankruptcy Court's jurisdiction to adjudicate issues that fall squarely within the scope of this Court's remand Order. This Court will decline the Prossers' invitation to adjudicate, as an original matter, issues that properly fall within the Bankruptcy Court's jurisdiction. The case has been remanded to the Bankruptcy Court, "subject only to the appellate rights of any party aggrieved by an appealable order." *Klein v. Ziegler*, 82 B.R. 345, 346 (E.D. Pa. 1988). Accordingly, without ruling on the merits, the Court will deny the Prossers' "Emergency Motion for a Mandatory Injunction, and for Contempt Against Respondent James P. Carroll, Trustee, and Respondent Fox Rothschild LLP" (Dkt. No. 110) and "Motion for [] Expedited Proceedings" (Dkt. No. 112), as improperly before this Court.

## ORDER

**UPON CONSIDERATION** of the foregoing jurisdictional considerations, and the entire record herein, it is hereby

**ORDERED** that the Prossers' "Emergency Motion for a Mandatory Injunction, and for Contempt Against Respondent James P. Carroll, Trustee, and Respondent Fox Rothschild LLP" (Dkt. No. 110) is **DENIED**; and it is further

**ORDERED** that the Prossers' "Motion for [] Expedited Proceedings" (Dkt. No. 112) is **DENIED**.

**SO ORDERED**.

Date: September 7, 2018                              _____/s/_____
                                                     WILMA A. LEWIS
                                                     Chief Judge