# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| In re:  )<br>  )<br>    JEFFREY J. PROSSER,  )<br>  )<br>        Debtor.  )<br>  )<br>_____)<br>  )<br>STAN SPRINGEL, CHAPTER 11 TRUSTEE  )<br>OF THE BANKRUPTCY ESTATE OF  )<br>INNOVATIVE COMMUNICATION  )<br>CORPORATION AND JAMES P.  )<br>CARROLL, CHAPTER 7 TRUSTEE OF  )<br>THE BANKRUPTCY ESTATE OF  )<br>JEFFREY J. PROSSER,  )<br>  )<br>        Plaintiffs/Appellees,  )<br>  )<br>    v.  )<br>  )<br>JEFFREY J. PROSSER,  )<br>  )<br>        Defendant/Appellant.  )<br>  )<br>_____) | Bankruptcy No. 2006-30009<br>Chapter 7<br><br><br><br><br><br><br><br><br><br><br>Civil Action No. 3:2013-0087<br>consolidated with<br>Civil Action No. 3:2013-0010<br>Civil Action No. 3:2013-0056<br>Civil Action No. 3:2013-0057 |

**Attorneys:**
**Norman A. Abood, Esq.,**
Toledo, OH
**Robert F. Craig, Esq.,**
Omaha, NE
**Lawrence H. Schoenbach, Esq.,**
New York, NY
    *For Appellant*

**Elizabeth C. Viele, Esq.,**
**Samuel H. Israel, Esq.,**
**William H. Stassen, Esq.,**
Philadelphia, PA
**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
    *For Appellees*

# MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Petition for Writ of Mandamus to The Bankruptcy Division of the District Court of the Virgin Islands, or, *In the Alternative*, to James P. Carroll, in his Capacity as the Chapter 7 Trustee of the Bankruptcy Estate of Jeffrey J. Prosser and the Liquidation Trustee of the Liquidation Trust for the Bankruptcy Estates of Innovative Communication Company, LLC, Emerging Communications, Inc., and Innovative Communication Corporation ("Petition")." (Dkt. No. 118). The Chapter 7 Trustee filed a "Response in Opposition to Petition for Writ of Mandamus ("Response")" (Dkt. No. 120), and the Prossers filed a Reply addressing the Trustee's arguments ("Reply"). (Dkt. No. 121).

In their Petition, the Debtor Jeffrey J. Prosser and his wife, Dawn Prosser ("Prossers" or "Petitioners") assert that the Bankruptcy Division of the Court ("Bankruptcy Court") and the Trustee have failed and refused to comply with this Court's mandate (Dkt. No. 108) issued on June 19, 2018 in consolidated appeals from the Bankruptcy Court. For the reasons stated below, the Court will deny Petitioners' Motion for Writ of Mandamus.

## I. BACKGROUND

The background of this case was set forth in detail in the Court's prior opinions issued on February 27, 2017 (Dkt. Nos. 58, 59) and June 19, 2018 (Dkt. Nos. 108, 109), and will be repeated here only to place the present matter into context.

The Bankruptcy Court issued several opinions and orders involving Jeffrey and Dawn Prosser in connection with Mr. Prosser's Chapter 7 bankruptcy action. The Prossers appealed to the District Court from these various orders, which were consolidated for purposes of appeal under

Civil Action No. 3:2013-0087. After extensive briefing, this Court addressed all issues raised in the consolidated appeals.

In its February 2017 Order, the District Court affirmed certain rulings of the Bankruptcy Court, including a Contempt Order dated September 12, 2012 which found the Prossers in contempt for violating Bankruptcy Court orders directing them to safeguard assets of the bankruptcy estate. (Dkt. No. 58 at 30-39). The District Court's February 2017 Order also affirmed the Bankruptcy Court's January 18, 2013 "Contempt Fees Order" directing the Prossers to pay the Trustee over $500,000 for attorney's fees and expenses incurred in litigating the Trustee's motion relating to the destroyed and dissipated assets which were the subject of the Contempt Order. *Id.* 56-57. Further, this Court affirmed the Bankruptcy Court's May 24, 2013 "Supplemental Sanctions Order" which directed the Prossers to pay the Trustee over $400,000 for the net damages incurred by the Estate because of the Prossers' destruction and dissipation of Estate assets. *Id*. at 19, 37-40.

The District Court reversed other rulings of the Bankruptcy Court. The February 2017 District Court Order reversed, in part, the Bankruptcy Court's May 31, 2013 "Compliance Order" which required the Prossers, *inter alia*, to convey title to certain real property they owned (the "Anna's Hope Property") to the Chapter 7 Estate for the express purpose of permitting the Estate to sell the property to satisfy the Contempt Fees Order, with the balance, if any, to be applied to the amount due from the Supplemental Sanctions Order (Dkt. Nos. 58 at 60-64; 59 at 3-4).[1] This Court also reversed, in part, the Bankruptcy Court's "Rule 70 Order" entered on August 23, 2013, which authorized the Trustee to execute Quitclaim Deeds on behalf of the Prossers, transferring

---

[1] In November 2013, the District Court had entered a stay pending appeal, effectively preventing the Chapter 7 Trustee from selling the Anna's Hope Property until the resolution of the Consolidated Appeal and allowing the Prossers to use that Property as a supersedeas bond in the consolidated appeal. (Dkt. No. 29 at 17).

3

the Anna's Hope Property to the Chapter 7 Estate and permitting the Estate to sell the property to satisfy the Contempt Fees Order and the Supplemental Sanctions Order. (Dkt. No. 58 at 60-64.)

In reversing the Bankruptcy Court Order transferring the property to the Trustee for sale, the District Court noted that the Bankruptcy Court had previously found that the Anna's Hope Property was exempt because it was held by the Prossers as tenants by the entireties under 11 U.S.C. § 522(b)(3)(B) and Virgin Islands law. (Dkt. No. 58 at 58). Relying on the United States Supreme Court's ruling in *Law v. Siegel*, 571 U.S. 415 (2014), this Court concluded that the Bankruptcy Court was not authorized to use exempt property to pay a Trustee's administrative expenses, such as the attorney's fees and other expenses awarded in the Contempt Fees Order. *Id.* at 59-62.

After additional briefing, the District Court arrived at the same conclusion regarding the payment of the damages awarded in the Supplemental Sanctions Order. (Dkt. Nos. 108, 109). Based on the reasoning in *Law*, the District Court held that the Bankruptcy Court could not "use the sale of exempt property to pay damages to the estate" although other remedies might be available. (Dkt. No. 109 at 19). Accordingly, in its June 2018 Opinion, the District Court reversed the Bankruptcy Court's Orders to the extent that those Orders permitted the transfer of exempt property to the Chapter 7 Estate and the Estate's sale of that exempt property to pay the Supplemental Sanctions Order. (Dkt. No. 108 at 2). With all the issues on appeal resolved, the case was remanded to the Bankruptcy Court "for the issuance of any Orders necessary to effectuate [the District] Court's rulings . . . or that are otherwise consistent with [the District Court's] Opinions. *Id.*

While the Prossers' bankruptcy appeal was pending, but after the District Court's February 2017 Order affirming the Sanctions, Contempt Fees, and Supplemental Sanctions Orders, the

Trustee applied for an "Order Converting Sanctions Orders into Judgments" from the Bankruptcy Court. The Bankruptcy Court subsequently entered judgment in the Trustee's favor against the Prossers for nearly $950,000. (Dkt. No. 118-5 at 1-3). The Trustee filed this Judgment with the Recorder of Deeds on June 27, 2018. (Dk. No. 118-5, at 1). Although the Trustee's request for Judgment was apparently contested by the Prossers, no appeal from the Bankruptcy Court's ruling was filed.

In compliance with this Court's remand order, the Trustee and the Prossers executed a Stipulated Order in which they agreed that the Trustee would prepare quitclaim deeds to transfer the Anna's Hope Property back to the Prossers as tenants by the entireties within two days of the Bankruptcy Court's approval of the Stipulated Order. The parties further stipulated that the Trustee would have a lien on the lots being quitclaimed for the property taxes paid by the Estate while the property was held by the Trustee. (Dkt. No. 118-7 at 2-3). The Prossers were required, under the stipulation, to record the quitclaim deeds within five business days of their receipt from the Trustee and to advise the Trustee within two business days of when the quitclaim deeds were recorded. (Dkt. No. 118-7 at 3). The Trustee executed the quitclaim deeds on August 24, 2018 and delivered them by overnight mail. (Dkt. No. 118-8). According to the Trustee, the Prossers did not to notify the Trustee if, or when, they recorded the quitclaim deeds. (Dkt. No. 120 at 7).

Within a few weeks of the District Court's June 2018 Order and Memorandum Opinion, the Prossers executed a Sales Agreement with a third-party buyer to sell Lot 171—one of the four lots comprising the "Anna's Hope Property" that was in dispute on appeal. (Dkt. No. 118-6). Then, on September 3, 2018, the Prossers filed in the District Court an "Emergency Motion for Mandatory Injunction, and for Contempt" against the Trustee and his counsel. (Dkts. No. 110, 113-115). The Prossers argued that the Trustee and his counsel should be held in contempt for

5

violating the District Court's June 19, 2018 mandate, and requested injunctive relief directing the Trustee to execute documents to clear the title on Lot 171. The Prossers provided the District Court with copies of the Sales Agreement as well as the Stipulated Order allowing the Trustee to retain a lien against the property for real estate taxes. The Prossers alleged, however, that the Trustee was publicly asserting that he had other enforceable liens against the lots in the Anna's Hope Property and had advised both the potential buyer of Lot 171 and the title company of his claims. (Dkt. No. 110 at 3).

In the Emergency Motion, the Prossers argued that the Trustee's actions were contrary to the District Court's Order directing the Anna's Hope Property to be returned to the Prossers. The Prossers interpreted the District Court's Orders as prohibiting the Trustee from collecting "the sanctions *from the proceeds* derived from the sale of Exempt Assets." (Dkt. No. 110, at 7). Accordingly, the Prossers requested, *inter alia*, that the Trustee and his attorneys be held in contempt and that they be ordered to provide the Prossers additional documentation reflecting that the Trustee retained no interest or claim against the Anna's Hope Property. (Dkt. No. 110 at 8-9).

On September 9, 2018, the District Court issued a Memorandum Opinion and Order denying the Prossers' Emergency Motion. (Dkt. No. 117). In its ruling, the District Court held that upon remand from its prior rulings, jurisdiction in the case reverted to the Bankruptcy Court "*for the issuance of any Orders necessary to effectuate the Court's ruling[s] . . or that are otherwise consistent with th[ose] Opinions*." (Dkt. 117 at 5). The District Court found that the Prossers were not appealing from any judgment, order, or decree of the Bankruptcy Court, but instead were circumventing the Bankruptcy Court's jurisdiction to adjudicate issues within the scope of the remand order. Accordingly, this Court declined to address the merits of the Emergency Motion and denied it as being improperly before the District Court. (Dkt. No. 117).

The Prossers then filed in the Bankruptcy Court the same or a similar motion for mandatory injunctive relief against the Trustee and his counsel. (Dkt. No. 118 at 8). The Trustee filed a response and the Bankruptcy Court held hearings on October 11, 2018. (Dkt. No. 118 at 13-14). The Prossers state that the Bankruptcy Court orally adopted the Trustee's positions as its own and denied the Prossers' motion.

The Prossers have now filed their current Petition for Writ of Mandamus requesting this Court to direct the Bankruptcy Court and the Trustee to comply with the Prossers' interpretation of the District Court's prior Orders. The Prossers argue that the Bankruptcy Court and the Trustee are violating this Court's mandate, and that mandamus relief is necessary. (Dkt. No. 118). The Prossers also contend that a Writ of Mandamus is appropriate under the circumstances because an inferior court has failed to adhere to the mandate of an appellate court. (Dkt. No. 118 at 15).

## II. DISCUSSION

A writ of mandamus is an "extraordinary" remedy. *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 401 (3d Cir. 2017). Such a writ may issue only if the petitioner shows (1) a clear and indisputable "abuse of discretion or clear error of law," (2) "a lack of an alternate avenue for adequate relief," *and* (3) "a likelihood of irreparable injury." *United States v. Wright*, 776 F.3d 134, 145-46 (3d Cir. 2015) (emphasis added). The writ is not appropriate when it is used to serve as a substitute for an appeal. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004). Moreover, it is within a court's discretion to refrain from issuing the writ even when the requirements for mandamus are technically satisfied. The availability of the writ "does not compel its exercise." *Lusardi v. Lechner*, 855 F.2d 1062, 1070 (3d Cir. 1988).

A writ of mandamus has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority *when it is its duty to do so*." *Will v.*

*Calvert Fire Ins. Co.*, 437 U.S. 655, 661 (1978) (emphasis added). Thus, mandamus is appropriate when a lower court has failed to adhere to the mandate of an appellate court. *In re Chambers Dev. Co., Inc.*, 148 F.3d 214, 223 (3d Cir. 1998). In this regard, the Prossers assert that the Bankruptcy Court and the Trustee have failed to "implement both the letter and spirit of [this Court's] mandate." *Id.* at 224. (Dkt No. 118 at 10-11).

The underlying premise of the Prosser's Petition is that the District Court's Orders "immunized" the Anna's Hope Property and any associated sale proceeds from all claims by the Trustee that relate in any respect to the Bankruptcy Court's Contempt Fees and Supplemental Sanctions Orders. (Dkt. No. 118 at 14-15). The Prossers assert that the Bankruptcy Court's acceptance of the Trustee's various arguments elevates form over substance and violates the spirit of the District Court's rulings and its reliance on the *Law* decision. (Dkt. No. 118 at 21-22).

As the Prossers correctly note, a trial court must "implement both the letter and spirit of the mandate" of an appellate court. (Dkt. No. 118 at 14-18). In implementing the mandate, however, the lower tribunal must consider "the appellate court's opinion *and the circumstances it embraces*." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985) (emphasis added). The mandate and the opinion must be considered together in their entirety with particular reference to the issues considered. *Id.* at 949 (citing *United States v. Iriarte*, 166 F.2d 800, 803 (1st Cir. 1948), *cert. denied*, 335 U.S. 816 (1948)).

The Prossers argue that mandamus is an appropriate remedy here because the Bankruptcy Court allegedly failed to adhere to the mandate of this Court. (Dkt. No. 118 at 10-11). In so arguing, the Prossers seize, in particular, on one phrase from the District Court's prior opinion—"a bankruptcy court cannot use the sale of exempt property to pay damages to the estate" (Dkt. Nos. 118 at 7; 121 at 2)—to support their contention that this Court's mandate directed that any

8

judgment involving monies owed by the Prossers pursuant to the Contempt Fees and Supplemental Sanctions Orders could not be levied against the proceeds of a voluntary sale by the Prossers of their exempt property. The Prossers' use of the phrase and the conclusion they have reached are divorced from the context in which the appeal to this Court arose.

A review of this Court's opinion and "the circumstances it embraces," *Bankers Trust Co.*, 761 F.2d at 949, undermine the Prossers' claim that the Bankruptcy Court has failed to adhere to this Court's mandate. The context of this Court's Order was that the Bankruptcy Court had erred by ordering the transfer of title to judicially-recognized exempt property from the Prossers to the Trustee for the Estate to sell the property and apply the proceeds to the awards from the Bankruptcy Court's contempt and sanctions Orders. Contrary to the Prossers' claim that this Court "immunized" the property and its proceeds (Dkt. No. 118 at 14), this Court's Orders addressed only the issues presented, and in so doing reversed the Bankruptcy Court's Orders that transferred exempt property to the Trustee for purposes of selling that property to satisfy the sanctions and contempt Orders.

It is in this context that the Court stated: "This Court's ruling herein means only that, while other means may be used to enforce a bankruptcy court's contempt order, a bankruptcy court cannot use the sale of exempt property to pay damages to the estate. *See Law*, [571 U.S. at 427,] 134 S. Ct. at 1198." (Dkt. No. 109 at 19). This Court's Order did not address, or provide any protection to, the proceeds from a sale of exempt property voluntarily executed by the Prossers themselves. Indeed, immediately after the phrase upon which the Prossers rely, this Court—quoting from the Supreme Court's opinion in *Law*—noted that "a bankruptcy court's monetary sanction survives the bankruptcy case and is therefore enforceable through the normal procedures for collecting money judgments." *Law*, 571 U.S. at 427. (Dkt. No. 109 at 19). Thus, the premise

9

upon which the Prossers' Mandamus Petition is grounded—that this Court "immunized" proceeds from the sale, in whatever context, of property previously declared exempt—is false. In the absence of a proper basis for mandamus, the Prossers' Petition is rendered fatally flawed.

While the Prossers also argue that the Trustee's judgment issued by the Bankruptcy Court is void and/or that the quitclaim deeds executed by the Trustee released any such judgment, these issues do not directly relate to whether the Bankruptcy Court or the Trustee violated the letter or spirit of this Court's mandate. The lower court is "free to make any order or direction in further progress of the case, not inconsistent with the Mandate, as to any question not settled by the decision." *Romero v. Allstate Insurance Co.,* 170 F. Supp. 3d 779, 791 (E.D. Pa. 2016); *see also E.E.O.C. v. Kronos Inc.*, 694 F.3d 351, 370 (3d Cir. 2012) (rejecting district court's restrictions on subpoena as inconsistent with appellate mandate but permitting district court to consider cost-sharing measures which were not raised in prior appeal). Here, the remaining rulings challenged by the Prossers fall within the Bankruptcy Court's authority to further progress the bankruptcy case and to resolve new issues as they arise, including the new issue of whether the Trustees' judgment can serve as a lien on the proceeds from the debtor's voluntary sale of exempt property. Accordingly, we decline to address those issues in response to a Petition for Writ of Mandamus.

### III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Mandamus will be denied. An appropriate Order accompanies this Memorandum Opinion.

Date: November 14, 2018  
  \_\_\_\_\_/s/_____  
  WILMA A. LEWIS  
  Chief Judge